**Enebi DINYAIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71779.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

Matthew B. Weber, Esq., Law Offices of Matthew B. Weber, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Vincent T. Lombardi, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, Genevieve Holm, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Enebi Dinyain, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001), and the denial of a motion to continue for abuse of discretion, *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n. 6 (9th Cir.2004). We deny the petition for review.

■■■ Dinyain did not point to any objective evidence in the record demonstrating that it is more likely than not that he would be subject to persecution on a protected ground upon return to Nigeria. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Nor did he demonstrate that it is more likely than not that he would be tortured upon return to Nigeria. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001). Consequently, substantial evidence supports the agency's denial of withholding and CAT relief.

■■■ We also conclude that the IJ did not abuse his discretion by denying Dinyain's motion to continue because, despite being allowed more than one year to pursue adjustment of status, Dinyain never completed the application nor applied for the necessary waiver.

**PETITION FOR REVIEW DENIED.**